UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**JOHNNY L. TOBIN, SR.**

                                  **PRISONER**
   **v.**                           **Case No.   3:05CV1079(AVC)(TPS)**

**JODI RELL, et al.**

## RULING AND ORDER

Plaintiff has filed motions seeking copies of the complaint and appointment of *pro bono* counsel.

In his motion, plaintiff asks the court to make all of the service copies of his complaint because he does not meet the institutional indigency standard.  By telephone call to the Clerk's Office on December 14, 2005, however, he stated that he now needs only one copy of his complaint to make the service copies.  The court assumes that plaintiff now meets the indigency standard and that the correctional facility will make the copies of his complaint.  Accordingly, plaintiff's motion [**Dkt. #9**] is **GRANTED** to the extent that the Clerk is directed to send plaintiff one copy of the complaint with this ruling.

Plaintiff also seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915.  The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393

(2d Cir. 1997); <u>Cooper v. A. Sargenti Co.</u>, 877 F. 2d 170, 172 (2d Cir. 1989).  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986), <u>cert. denied</u>, 502 U.S. 996 (1991).

Plaintiff has attached letters from several attorneys who declined representation.  He does not, however, indicate that he has contacted Inmates' Legal Assistance Program which is under contract with the Department of Correction to provide legal assistance to Connecticut inmates.  Because plaintiff has not contacted Inmates' Legal Assistance Program, the court cannot determine whether plaintiff can obtain legal assistance on his own.

Further, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance."  <u>Id.</u>  In <u>Cooper v. Sargenti</u>, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit."  877 F.2d at 173-74.  The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  <u>Id.</u> at 171.

Here, the complaint has not yet been served.  Thus, defendants have not had an opportunity to respond to plaintiff's allegations.

On the current record, the cannot determine whether plaintiff's claims pass the test of likely merit.  Accordingly, plaintiff's motion for appointment of counsel [**Dkt. #9**] is **DENIED** without prejudice to renewal at a later stage of litigation.  Any renewed motion shall further document plaintiff's efforts to obtain *pro bono* counsel on his own and indicate why the assistance available from Inmates' Legal Assistance Program is inadequate at this time.

In conclusion, plaintiff's motion for copies [**Dkt. #8**] is **GRANTED** to the extent that the Clerk is directed to send plaintiff **one (1)** copy of the complaint.  Plaintiff's motion for appointment of counsel [**Dkt. #9**] is **DENIED** without prejudice to refiling at a later stage of litigation.

**SO ORDERED this 19th day of December, 2005, at Hartford, Connecticut.**

/s/ Thomas P. Smith
**Thomas P. Smith**
**United States Magistrate Judge**