JOHNNY L. TOBIN SR.,
      **Plaintiff**,


v.                                            No. 3:05CV1079 (TPS)


JODI RELL ET AL.,
      **Defendants**.


## RULING ON PENDING MOTIONS

The plaintiff brings this suit pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  At the time of the incidents alleged in the complaint the plaintiff was a prisoner confined at Macdougall Correctional Institution in Suffield, Connecticut. Plaintiff alleges that he was sexually assaulted by defendant Correction Officer Sonya Haberern while incarcerated at Macdougall. He claims that he was then transferred to Corrigan Correctional Institution in Uncasville, Connecticut in retaliation for complaining about the alleged sexual assault.  After transferring to Corrigan, plaintiff alleges that officials there verbally abused him and refused to investigate his complaints regarding the sexual assault.   Finally, plaintiff asserts that he was placed in restrictive housing in retaliation for his complaints.

The plaintiff is now confined at Carl Robinson Correctional Institution in Enfield, Connecticut.  He has filed four motions that are currently pending before the court.  The court's ruling

and order as to each is set forth below.

**A.    Motion to Compel (Dkt. #45)**

The plaintiff has filed a motion to compel the defendants "to produce for inspection and copying the documents requested on January 15, 2007." (Dkt. #45.) The undersigned denied without prejudice a similar motion on March 15, 2007 based on the defendants' representation that they intended to produce the documents requested by March 21, 2007. (Dkt. #43.) The defendants have represented in their objection to the instant motion that they have, in fact, produced the documents requested by Mr. Tobin. (Dkt. #58.) They also assert that he has not contacted them to complain about the sufficiency of that production. (Id.) Based on these representations, the plaintiff's motion **(Dkt. #45)** is **DENIED**.

**B.    Motion for New Trial (Dkt. #46)**

The plaintiff purports to move under Fed. R. Civ. P. 40 for "an immediate civil trial. . . ." (Dkt. #46.) Plaintiff's motion **(Dkt. #46)** is **DENIED**. This case will progress like any other civil case. The court has issued a scheduling order, (Dkt. #44), wherein the parties were given until 6/15/2007 to conclude discovery and to 7/16/2007 to file dispositive motions. A trial is premature because discovery is not complete.

Once discovery has concluded, both parties will have the opportunity to file dispositive motions. After the court has ruled on these motions, if the case has not been closed, the court will

order the parties to file a joint trial memorandum.  After this document has been submitted, the court will set the case down for trial.  The court notes that this case has been transferred on consent, (Dkt. #21), therefore any trial will be before the undersigned.

**C.    Motion to Add Correctional
        Officers to the Complaint (Dkt. #47)**

In this motion the plaintiff seeks to add Correction Officers Carabine and Parrett as well as Captain Fanueff to the complaint. The plaintiff asserts that on March 28, 2007 he was disciplined by the named officers in retaliation for bringing this lawsuit.

The defendants object to the plaintiff's motion on several grounds.  First, the defendants argue that the events cited by the plaintiff in the instant motion are not sufficiently connected with the events described in the original complaint to merit them being tried in the same case.  The defendants contend that these allegations should be brought in a separate suit.  Second, the defendants assert that it is unfair to require them to defend against what they style "a moving and changing set of allegations." Finally, the defendants argue that adding additional defendants to the case will further delay a trial on the merits.

The court is construing plaintiff's motion as a motion for leave to file a supplemental pleading under Rule 15(d) rather than a motion for leave to amend the complaint under Rule 15(a).  Rule 15(d) states

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

"Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, [a motion to file a supplemental pleading under Rule 15(d)] should be freely granted." <u>Quaratino v. Tiffany & Co.</u>, 71 F. 3d 58, 66 (2d Cir. 1995).

Rule 15(d) is precisely on point here. The plaintiff's original complaint contained a retaliation count. (Compl. ¶¶ 65-66.) The plaintiff is now claiming additional subsequent retaliation by different officers at a different correctional facility. Importantly, the new events are alleged to have occurred subsequent to the filing of the original complaint, thus brining them within the ambit of Rule 15(d) rather than if they had occurred prior to the filing of the complaint in which case Rule 15(a) would apply.

Rule 15(d) does not require that the new events sought to be plead occurred during the same transaction alleged in the original complaint, but merely that the events relate to the original allegations. <u>Concerned Area Residents of the Evn't v. Southview Farm</u>, 854 F. Supp. 1410, 1412-13 (W.D.N.Y. 1993); 3 <u>Moore's Federal</u>

Practice, § 15.30 (Matthew Bender 3d ed.). Moreover, a supplemental pleading may simply assert new facts relating to a count already alleged in the original pleading or may add entirely new claims. See Quaratino, 71 F. 3d at 66 (district court abused its discretion when it denied plaintiff's request to file a supplemental pleading seeking to add a retaliation claim based on events that transpired years after the complaint had been filed). It is also proper to permit the filing of a supplemental pleading to add additional parties. Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964) ("Rule 15 (d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary"). The trial court may, at its discretion, permit the opposing party an opportunity to answer the supplemental pleading.

The court determines that it is in the interests of justice to permit the plaintiff to file a supplemental complaint alleging the additional retaliation he asserts in the instant motion. Though the defendants are correct that this will delay the proceedings, the court does not find that it will *unduly* delay the case or prejudice the defendants. The court is also cognizant of the defendants' concern that every negative event that happens to the plaintiff while incarcerated will now be lumped into his retaliation claim. However, on the current record, as to these

particular new allegations, the court cannot say that "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him for relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The plaintiff has asserted that the prison officials made statements that could be construed by a jury as indicating that the new defendants had knowledge of the plaintiff's lawsuit and where punishing him in retaliation.

The plaintiff's motion **(Dkt. #47)** is therefore **GRANTED.** Within 30 days hereof the plaintiff will file what will be captioned a "Supplemental Complaint."  The plaintiff will confine the supplemental complaint to the defendants and the allegations he has referenced in this motion.  The plaintiff must serve this supplemental complaint on the new defendants just as he did the original complaint.  This means that in light of his in forma pauperis status, that the plaintiff shall file with the clerk's office within 30 days hereof a JSM-285 form and any other forms and copies that may be required to serve process on all three of the new defendants. Upon receipt of all forms and copies, the Clerk is directed to forward the appropriate papers to the U.S. Marshal to serve the supplemental complaint on the defendants.  The defendants named in the supplemental complaint are **ORDERED** to either file a motion to dismiss the supplemental complaint or an answer thereto within 30 days of service of process.

**D.    Motion to Preserve the**
**       Video Tape of Yard Movement (Dkt. #49)**

Through this motion the plaintiff seeks an order prohibiting the destruction of the video tape of yard movement at Carl Robinson Correctional Institution on March 28, 2007 between 4:00pm and 4:30pm.  The defendants represent that they did not receive a copy of the motion from the plaintiff.  They claim that they first learned of it on 4/25/2007 when the undersigned ordered them to reply to the motion.  (Dkt. #53.)  The defendants have since replied, and represent that the tape has been recycled.  (Dkt. #56.)  Based on this representation, the plaintiff's motion **(Dkt. #49)** is **DENIED** as moot.

## Conclusion

Based on the above discussion, plaintiffs motions **(Dkt. ## 45 & 46)** are **DENIED, (Dkt. #47)** is **GRANTED** and **(Dkt.#49)** is **DENIED** as moot.  This case is before the undersigned pursuant to 28 U.S.C. § 636 (c).

**IT IS SO ORDERED**

**Dated at Hartford, Connecticut this 18th day of May, 2007.**

                                   **/s/ Thomas P. Smith**
                                   **Thomas P. Smith**
                                   **United States Magistrate Judge**